Filed 2/24/16  Groves v. Davtyan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| DEBRA GROVES, | D069063 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CIVDS1208907) |
| HAKOB G. DAVTYAN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, John M. Pacheco, Judge.  Affirmed.

Parker, Milliken, Clark, O'Hara & Samuelian, Gary Ganchrow; Chisvin Law Group, Craig L. Chisvin and Ashleigh N. Martinez for Plaintiff and Appellant.

Carroll, Kelly, Trotter, Franzen, McKenna & Peabody, Mark V. Franzen and David P. Pruett for Defendant and Respondent.

Plaintiff Debra Groves appeals a judgment following a jury verdict in favor of defendant Hakob G. Davtyan, M.D., in her medical malpractice action against him.  On appeal, she contends the trial court prejudicially erred by instructing the jury on

comparative negligence. However, because the jury found Davtyan was not negligent, we conclude the court's purported instructional error regarding comparative negligence was harmless and does not require reversal of the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Groves filed the instant action against Davtyan and other defendants alleging negligence and other causes of action arising out of her February 16, 2010, surgery and subsequent care and treatment. At some point before or during trial, the defendants other than Davtyan settled with Groves and/or were dismissed from the case.

At trial, the trial court instructed the jury on Groves's claim against Davtyan for medical negligence. The court also instructed with a modified version of CACI No. 5007 that certain other persons (i.e., Alan E. Malki, M.D., St. Mary Medical Center, and Nandra Biswas, M.D.) were no longer parties to the case and the jury should not speculate regarding the reasons they were no longer parties. In so doing, the court instructed: "The following claim remains for you to resolve by your deliberations: [¶] 1. Plaintiff Debra Groves'[s] claim against Defendant Hakob G. Davtyan, M.D.[,] for professional negligence." The court also instructed with a modified version of CACI No. 406 on comparative negligence and the apportionment of responsibility if persons other than Davtyan were also negligent.[1]

---

1    The court instructed: "[Davtyan] claims that the negligence of Janardhana R. Kolavala, M.D., Nanda Biswas, M.D., Melinda Labuguen, M.D., and Alan Malki, M.D.[,] also contributed to [Groves's] harm. To succeed on this claim, [Davtyan] must prove both of the following: [¶] 1. That [Kolavala, Biswas, Labuguen, and Malki] were negligent; and [¶] 2. That [their] negligence . . . was a substantial factor in causing

2

The jury returned a special verdict in favor of Davtyan. It answered "no" to the first question regarding whether Groves was aware of both the physical manifestation of her injury and its negligent cause at the time she was discharged from the hospital. It then answered "no" to the second question that asked: "Was [Davtyan] negligent in his care and treatment of [Groves]?" The verdict form instructed the jury: "If you answered Question No. 2 'no,' sign and return this verdict. If you answered Question No. 2 'yes,' then answer Question No. 3." Following that instruction, the jury foreperson signed the verdict form and the jury returned the verdict without answering the remaining questions on the form. The jury did not answer questions on whether Malki, Biswas, Kolavala, and Labuguen were negligent in their care and treatment of Groves, on whether their negligence was a substantial factor in causing harm to Groves, and attributing to each of Davtyan, Groves, Malki, Biswas, Kolavala, and Labuguen a specific percentage representing his or her proportionate causal responsibility for Groves's harm. Subsequent polling of the jury showed all 12 jurors voted to find Davtyan was not negligent in his care and treatment of Groves.

On June 30, 2014, the trial court entered a judgment on the special verdict in Davtyan's favor. It denied Groves's motion for a new trial. Groves timely filed a notice of appeal.

---

[Groves's] harm. [¶] If you find that the negligence of more than one person, including [Davtyan, Kolavala, Biswas, Labuguen, and Malki] was a substantial factor in causing [Groves's] harm, then you must decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. . . ."

DISCUSSION

I

*Standard of Review*

We generally review de novo, or independently, the validity of jury instructions that involve questions of law. (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 831.) If we determine certain jury instructions were erroneously given, we then must determine whether the erroneous jury instructions were prejudicial and require reversal of the judgment. (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 573-574 (*Soule*).) "A judgment may not be reversed on appeal, even for error involving 'misdirection of the jury,' unless 'after an examination of the entire cause, including the evidence,' it appears the error caused a 'miscarriage of justice.' (Cal. Const., art. VI, § 13.) When the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached. (*People v. Watson* (1956) 46 Cal.2d 818, 835 [299 P.2d 243].) [¶] Thus, when the jury receives an improper instruction in a civil case, prejudice will generally be found only ' "[w]here it seems probable that the jury's verdict may have been based on the erroneous instruction . . . ." ' [Citations.] That assessment, in turn, requires evaluation of several factors, including the evidence, counsel's arguments, the effect of other instructions, and any indication by the jury itself that it was misled." (*Soule*, at p. 574.) Alternatively stated, "[i]nstructional error in a civil case is prejudicial 'where it seems probable' that the error 'prejudicially affected the verdict.' " (*Id*. at p. 580.)

## II

### *Instructions on Comparative Negligence*

Groves contends the trial court prejudicially erred by instructing the jury on comparative negligence.  She asserts the jury was confused by the court's instruction with CACI No. 5007 that certain persons were no longer parties to the case and its purportedly inconsistent instruction with CACI No. 406 on comparative negligence and the apportionment of responsibility if persons other than Davtyan were also negligent.

However, to dispose of this appeal, we need not, and do not, decide whether the trial court erred in instructing the jury as Groves asserts.  Assuming arguendo the jury was confused regarding the instructions she challenges and its potential consideration of the negligence of persons other than Davtyan, we conclude any confusion of the jury regarding those instructions and its potential consideration of the negligence of persons other than Davtyan could *not* have prejudicially affected the jury's verdict in the circumstances of this case.  (*Soule*, *supra*, 8 Cal.4th at p. 580.)  On the second question of the special verdict form, the jury answered "no" to the question of whether Davtyan was negligent in his care and treatment of Groves.  In accordance with the instruction that the jury sign and return its verdict if it answered "no" to that question, the jury foreperson signed the verdict form and the jury returned the verdict without answering the remaining questions on the form.  Those questions remaining unanswered included questions regarding the possible negligence of persons other than Davtyan and their respective comparative negligence or proportionate responsibility for Groves's harm.  In the course of its deliberations, the jury never applied the purported erroneous instructions that

5

Groves asserts caused it confusion and never addressed or decided the questions regarding the possible negligence and proportionate responsibility of persons other Davtyan.[2] (Cf. *Alpine Ins. Co. v. Planchon* (1999) 72 Cal.App.4th 1316, 1320 [if jury's finding of fact is dispositive and necessarily controls the judgment, the presence or absence of findings on other issues is inconsequential]; *Coorough v. DeLay* (1959) 171 Cal.App.2d 41, 48 ["[W]here a jury returns a verdict in favor of the defendant on the main issue, errors in instructions bearing solely on the amount of damages present no ground for reversal."].)

Because the jury found Davtyan was not negligent, its verdict in his favor necessarily would not have changed had the trial court not given the purportedly confusing instructions. Based on the record in this case, including the jury's unanimous finding that Davtyan was not negligent, we conclude it is not reasonably probable Groves would have obtained a more favorable verdict had the court not made the purported instructional errors. (*Soule, supra,* 8 Cal.4th at pp. 574, 580; *People v. Watson*, *supra*, 46 Cal.2d at p. 836.) Alternatively stated, the purported instructional errors did not cause a miscarriage of justice requiring reversal of the judgment. (Cal. Const., art. VI, § 13.) None of the cases cited by Groves are apposite to this case and she does not otherwise persuade us to reach a contrary conclusion.

---

2    To the extent we may consider the declaration of the jury foreperson, it supports our conclusion, stating: "The jury never deliberated on any other question on the Special Verdict Form other than Questions No. 1 and 2. The jury never addressed the question related to the negligence of any other healthcare professionals involved in [Groves's] care. The jury never addressed the question related to [Groves's] damages."

DISPOSITION

The judgment is affirmed.  Davtyan is entitled to costs on appeal.


                                                                McDONALD, J.

WE CONCUR:


HUFFMAN, Acting P. J.


HALLER, J.